IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEFFREY ROBERT GURLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv−0407−JPG |
| | ) | |
| JOHN DOE #1, | ) | |
| JOHN DOE #2, | ) | |
| JOHN DOE #3, | ) | |
| JOHN DOE #4, | ) | |
| JOHN DOE #6, | ) | |
| JOHN DOE #7, | ) | |
| JOHN DOE #10, | ) | |
| JOHN DOE #11, | ) | |
| JOHN DOE #12, | ) | |
| JOHN DOE #15, | ) | |
| HUBBER, | ) | |
| GOTAY, | ) | |
| WEDEL, | ) | |
| JONES, | ) | |
| JANE DOE #20, | ) | |
| NWARU, | ) | |
| PEREZ, | ) | |
| STOVER, | ) | |
| ROGERS, | ) | |
| JOHN DOE #26, | ) | |
| LORINZE, | ) | |
| BRIDGE, | ) | |
| CAUSALENO, | ) | |
| DAVIS, | ) | |
| CHAVEZ, | ) | |
| WILSON, | ) | |
| KIM, | ) | |
| ORONA, | ) | |
| HEIN, | ) | |
| BAKER, | ) | |
| FITZPATRICK, | ) | |
| JANE DOE #39, | ) | |
| POWELL, | ) | |
| JEWEL, | ) | |
| SMITH, | ) | |
| SZUL, | ) | |

| | |
|---|---|
| PETTERSON, | ) |
| CCDOC, | ) |
| CCDOC CERMARK HEALTH | ) |
| SERVICES, | ) |
| JOHN DOE #47, | ) |
| BAKER, | ) |
| MCGORDE, | ) |
| SANTOS, | ) |
| JOHN DOE #52, | ) |
| HOUSKIN, | ) |
| JOHN DOE #54, and | ) |
| WEXFORD HEALTH SERVICES | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jeffrey Gurley, an inmate of Menard Correctional Center, brings this action seeking damages for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 regarding events that occurred at Cook County Jail and Menard Correctional Center. Plaintiff seeks declaratory relief, damages, and fees and costs. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

The Court's initial review of the Complaint suggests that there are parties and claims that are improperly joined in this action pursuant to Federal Rule of Civil Procedure 20. Thus, before screening the case on the merits, the Court must sever this action into separate cases.

### **The Complaint**

Plaintiff was placed in restraints on January 9, 2017 to be transported to Maybrook Courthouse. (Doc. 1, pp. 38-29). At the time, he was in the custody of the Cook County Department of Corrections ("CCDOC"), located in Cook County, Illinois. While shackled, Plaintiff fell down some stairs, allegedly due to the negligence of John Does #1 and #2. (Doc. 1, p. 40). Plaintiff immediately experienced pain in his back and neck. (Doc. 1, p. 40). He alleges that everyone that responded to the incident, including paramedics and hospital staff, was deliberately indifferent and negligent. (Doc. 1, pp. 41-46). Plaintiff alleges that he was denied adequate medical care for his neck and back pain after the incident by CCDOC, Cermak Health Services, and many of the individual defendants associated with CCDOC from January 9, 2017 through May 17, 2017. (Doc. 1, pp. 38, 46-60) (Doc. 1-1, pp. 1-18).

Plaintiff also alleges that Defendants at the CCDOC were deliberately indifferent to his safety in his weakened and recovering condition. (Doc. 1-1, pp. 18-23). Specifically, Plaintiff alleges that he was attacked by several other inmates on January 27, 2017 while incarcerated at Cook County Jail, and that CCDOC staff was negligent and deliberately indifferent in failing to prevent or properly respond to the attack. (Doc. 1-1, pp. 23-45).

Plaintiff was transferred to Menard Correctional Center sometime between April 2017 and July 2, 2017. (Doc. 1-1, pp. 49-50). Plaintiff made complaints regarding his injury to Menard staff on July 2, 2017 and August 1, 2017 and requested an extra mattress and stronger medication. (Doc. 1-1, p. 50). On September 4, 2017, Plaintiff complained to John Doe #54, the

doctor at Menard, that his medication was not helping his continuous pain. *Id*. Doe #54 denied Plaintiff's requests for an extra mattress and different pain medication. *Id*. Instead, Doe #54 prescribed physical therapy. *Id*. Plaintiff alleges he was only permitted to attend physical therapy 9 times and that the quality was poor. (Doc. 1-1, p. 51). Plaintiff renewed his request for "more useful" medication on January 20, 2018. *Id*. Plaintiff alleges that Doe #54 and Wexford were negligent in protecting Plaintiff, and failed to provide him with suitable quarters and adequate health care.

## Discussion

In *George v. Smith*, the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits, "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(b)(g)); *Wheeler v. Talbot*, 695 F. App'x 151, 152 (7th Cir. 2017) (failing to sever mis-joined claims prejudices the United States Treasury); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). A prisoner who files a "buckshot complaint" that includes multiple unrelated claims against different individuals should not be allowed to avoid "risking multiple strikes for what should have been several different lawsuits." *Turley v. Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2010). The Court has broad discretion as to whether to sever claims pursuant to Federal Rule of Civil Procedure 21 or to dismiss improperly joined Defendants. *See Owens v. Hinsely*, 635 F.3d 950, 952 (7th Cir. 2011); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).

Federal Rule of Civil Procedure 20 permits joinder of all claims that "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences; [when] any question of

law of fact common to all defendants will arise in the action." That means that a plaintiff cannot join separate claims against different defendants or sets of defendants in the same lawsuit, unless the plaintiff asserts a claim for relief against each defendant that arises out of the same transaction or occurrence or series thereof, and presents common questions of law or fact. *Owens*, 860 F.3d at 436; *George*, 507 F.3d at 607.

Unrelated claims may be joined pursuant to Federal Rule of Civil Procedure 18 where Rule 20 has already been satisfied. *Intercon Research Ass'n, Ltd. v. Dresser Ind., Inc.*, 696 F.2d 53, 57 (7th Cir. 1982). Therefore, the analysis the Court must perform in determining whether claims are properly joined is twofold: (1) first, a court must determine whether defendants are properly joined pursuant to Rule 20, (2) second, a court may then consider any unrelated claims against one or more of the group of defendants properly joined in the first step.

After applying the Federal Rules of Civil Procedure, it is clear that Plaintiff's claims belong in separate lawsuits. Plaintiff's claims fall into roughly 3 groups: 1) claims related Plaintiff's fall down some stairs on January 9, 2017 and his subsequent medical treatment while in the custody of the Cook County Defendants; 2) claims arising out of an incident where Plaintiff was attacked by other inmates on January 27, 2017 while incarcerated at Cook County Jail and in the custody and control of the Cook County Defendants; and 3) claims arising out of John Doe #54's medical treatment of Plaintiff from July 2, 2017 onward at Menard Correctional Center.

The claims arising out of Plaintiff's time at Menard are not transactionally related to Plaintiff's claims arising out of Cook County Jail. They are temporally distinct; Plaintiff's claims at Menard did not arise until nearly 6 months after the events at issue in Cook County. Additionally, Plaintiff's claims at Cook County involve the treatment and care of his injury

immediately after it happened, when the injury could be described as acute. In contrast, by the time Plaintiff arrived at Menard, he had time to heal from the initial trauma, giving his current pain a different character and perhaps dictating different treatment decisions. And the Court can see no connection between Plaintiff's failure to protect claims, and anything that happened at Menard. The fact that Plaintiff's claims arose at different correctional institutions is a strong indicator that they should be severed into separate lawsuits. For these reasons, the Court finds that Plaintiff's claims arising out of Menard are transactionally distinct from his claims arising out of his time at Cook County Jail.

As there are no common defendants between the Menard claims and Plaintiff's claims arising out of his time at Cook County Jail, the Court need not conduct an analysis pursuant to Fed. R. Civ. P. 18.

The Court notes that there may be grounds to further sever the claims arising out of Cook County, but as those claims also raise questions of venue, which will be addressed in a separate order, the Court declines to consider the advisability of severing the Cook County claims at this time.

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court shall sever the claims against John Doe #54 and Wexford Health Sources, detailed in the Complaint on pages 50-55 of Doc. 1-1, into a separate action. The severed case shall have a newly assigned case number, and Plaintiff shall be liable for a new filing fee in the severed action.

Plaintiff's claims against the Cook County Defendants for events that happened in Cook County shall remain in this action. A separate order will be issued in this case to review the

question of venue. Plaintiff shall be provided with a copy of that order as soon as it is entered. No service shall be ordered on any defendant at this time, pending the § 1915A review.

**Disposition**

**IT IS HEREBY ORDERED** that the claims against John Doe #54 and Wexford Health Services, arising out of Plaintiff's time at Menard Correctional Center, are severed into a new action. All remaining defendants and claims arising out of Plaintiff's time at Cook County Jail shall remain in this action.

The claims in the severed case shall be subject to merits review pursuant to 28 U.S.C. §1915A after a new case number and judge assignment is made. The Clerk is **DIRECTED** to file the following documents in the new case:

1) This Memorandum and Order;
2) The Complaint (Doc. 1); and
3) The Motion for Leave to Proceed *in forma pauperis* (Doc. 2);
4) The Motion for Recruitment of Counsel (Doc. 3)

Plaintiff **will be responsible for an additional filing fee** in the newly severed case. No service shall be ordered on the defendant in the severed case until the § 1915A review is completed.

**DATED: February 21, 2018**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**