**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JEFFREY ROBERT GURLEY,** | ) | |
| **#Y21744,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18-cv-00473-JPG** |
| | ) | |
| **JOHN DOE 54 and** | ) | |
| **WEXFORD HEALTH SERVICES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jeffrey Gurley, an inmate who is currently incarcerated at Western Illinois Correctional Center, filed a civil rights action *pro se* pursuant to 42 U.S.C. § 1983, in order to address numerous violations of his constitutional rights at Cook County Jail and Menard Correctional Center ("Menard"). *See Gurley v. Doe, et al.*, Case No. 18-cv-00407-JPG (S.D. Ill.) ("original action"). This Court screened the Complaint and determined that the claims arising at Cook County Jail were unrelated to the claims arising at Menard. (Doc. 2). In addition, they involved different groups of defendants. *Id.* Pursuant to *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Court severed the claims arising at Menard against John Doe 54 (an unknown doctor) ("Doctor Doe 54") and Wexford Health Services ("Wexford") into the instant case. (Doc. 1; Doc. 2-1, pp. 49-52).

This matter is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in

which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

The factual allegations offered in support of Plaintiff's claims against Doctor Doe 54 and Wexford are found at pages 49-52 of Doc. 2-1. There, Plaintiff alleges that he arrived at Menard sometime before July 2, 2017. (Doc. 2-1, pp. 49-50). On July 2, 2017, he filed a written medical request for an extra mattress and pain medication. (Doc. 2-1, p. 50). Plaintiff explained that he was suffering from back and neck pain caused by his fall down a set of stairs at Cook County Jail earlier that year. (Doc. 2, p. 40; Doc. 2-1, p. 50). He explained that the pain prevented him from sleeping. (Doc. 2-1, p. 50). He was given pain medication, but it proved to be ineffective. *Id.*

On August 1, 2017, Plaintiff requested stronger medication. (Doc. 2-1, p. 50). He described his pain as "severe" at the time. *Id*. The allegations do not indicate whether he was given different pain medication in response to this request. *Id*.

On September 4, 2017, Plaintiff met with Doctor John Doe 54 and explained that his prescription pain medication was not helping him "cope with continuous pain and suffering" resulting from his back and neck injuries. (Doc. 2-1, p. 50). He requested a "more useful" medication or treatment aimed at addressing his pain. *Id*. Plaintiff also requested an extra mattress. *Id*. Doctor Doe 54 denied both requests. *Id*. Instead, the doctor ordered a 6-week course of physical therapy. (Doc. 2-1, pp. 50-51). Plaintiff attended 9 sessions over the course of 6 weeks but describes the results as "poor." (Doc. 2-1, p. 51).

On January 20, 2018, Plaintiff again met with Doctor Doe 54 to discuss his back and neck pain. (Doc. 2-1, p. 51). Plaintiff explained that the pain medication was still not working to control his pain, and he again requested a "more useful" pain medication or some other treatment for pain management. *Id*. The doctor encouraged Plaintiff to just give the medicine "some time." *Id*. When Plaintiff asked the doctor to review his medical records from Cook County to gain a better understanding of his injuries, the doctor failed to do so. *Id*.

Plaintiff claims that Doctor Doe 54 responded to his complaints of pain with deliberate indifference and negligence. (Doc. 2-1, p. 52). He also names Wexford Health Services ("Corporation #55") in connection these claims. *Id*. Plaintiff asserts that Wexford failed to carry out its duty to "protect and serve and provide medical care." *Id*. He points to the denial of "suitable quarter's (sic) and adequate medical care" as evidence of deliberate indifference and negligence on Wexford's part. *Id*.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint into the following counts:

**Count 1 -** Eighth Amendment deliberate indifference claim against Defendants for failing to adequately address Plaintiff's complaints of persistent pain arising from a neck and back injury he sustained in January 2017.

**Count 2 -** Illinois negligence claim against Defendants for failing to adequately address Plaintiff's complaints of persistent pain arising from a neck and back injury he sustained in January 2017.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

## Count 1

The Eighth Amendment prohibits cruel and unusual punishment of prisoners and safeguards inmates against "a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (quoting *Rodriguez*, 577 F.3d at 828; *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). To state an Eighth Amendment claim based on the denial of adequate medical care, a plaintiff must demonstrate that he suffered from a sufficiently serious medical condition, which is an objective standard. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). He must also allege that the defendants responded to his medical needs with deliberate indifference, which is a subjective standard. *Id.* at 750.

The Complaint describes a medical condition that may be objectively serious. A medical need is considered serious if it has been diagnosed by a physician as requiring treatment or would be obvious to a layperson. *See Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citing *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009)). Plaintiff describes pain that is allegedly "continuous" and "severe," even when treated with medication. (Doc. 2-1, pp. 50-51). Plaintiff also complains that he is unable to sleep because of the pain. *Id.* These allegations support a finding that Plaintiff's medical condition is objectively serious at screening.

However, this claim can only proceed against those defendants who responded to Plaintiff's objectively serious medical condition with deliberate indifference. Prison officials act with deliberate indifference, when they "know of and disregard an excessive risk to inmate health." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Certainly, Doctor Doe 54 was aware of Plaintiff's complaints of persistent pain. (Doc. 2-1, pp. 49-52). He met with the plaintiff on two occasions over the course of several months. *Id.* Both times, Plaintiff presented the same complaints of "severe" pain and requested "more useful" medication and an extra mattress. *Id.* Doctor Doe 54's decision to deny meaningful treatment supports a claim of deliberate indifference at this stage.

The Court will allow this claim to proceed against the doctor, despite the fact that physical therapy was prescribed. The receipt of some medical care does not defeat a claim of deliberate indifference, if it is "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate a medical condition." *Edwards v. Snyder*, 478 F.3d 827, 832 (7th Cir. 2007). A persistent, but ineffective, course of treatment may also amount to deliberate indifference. Doctor Doe 54's recommendation to give the pain medication "some time," after Plaintiff explained that it proved to be ineffective during the preceding 6 months may amount to

deliberate indifference. The Seventh Circuit has held that a delay in providing medical treatment "may constitute deliberate indifference if such delay exacerbate[s] the injury or unnecessarily prolong[s] an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). Accordingly, Count 1 shall proceed against Doctor Doe 54.

This claim shall be dismissed against Wexford, the private medical corporation that staffs the prison. In the Seventh Circuit, a private corporation will generally only be held liable under § 1983 for an unconstitutional policy or custom that results in the injury at issue. *Perez v. Fenoglio*, 792 F.3d at 780 (citing *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2014)). Plaintiff cannot rely on a theory of *respondeat superior*, or vicarious liability, when bringing a claim against this defendant. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). He must identify some policy or custody that caused the denial of adequate medical care. The Complaint describes no such policy or custom attributable to Wexford. Therefore, Count 1 cannot proceed against this defendant and shall be dismissed without prejudice.

### Count 2

A defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). "Mere negligence or even gross negligence does not constitute deliberate indifference." *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). In addition, "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1994).

Even if the Court exercises supplemental jurisdiction over the state law negligence claim, the Complaint supports no claim. *See* 28 U.S.C. § 1367(a). Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for

injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. § 5/2-622(a) (West 2017).[1]  A separate affidavit and report shall be filed as to each defendant.  *See* 735 ILL. COMP. STAT. § 5/2-622(b).

Failure to file the required certificate is grounds for dismissal of the claim.  *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000).  However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court.  *Sherrod*, 223 F.3d at 614.  "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action

---

[1] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010.  *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety).  After *Lebron*, the previous version of the statute continued in effect.  *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010).  The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. § 5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section.  *See* notes on Validity of 735 ILL. COMP. STAT. § 5/2-622 (West 2013).

is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In the instant case, Plaintiff has failed to file the necessary affidavits or reports. Therefore, the claim in Count 2 shall be dismissed. However, the dismissal shall be without prejudice at this time, and Plaintiff shall be allowed 35 days to file the required affidavit(s), if he desires to seek reinstatement of this claim. The certificate(s) of merit must also be filed, in accordance with the applicable section of § 5/2-622(a). Should Plaintiff fail to timely file the required affidavits/certificates, the dismissal of Count 2 may become a dismissal with prejudice. *See* Fed. R. Civ. P. 41(b).

## Identification of Unknown Defendant

Plaintiff shall be allowed to proceed with Count 1 against "John Doe 54," the unknown doctor at Menard who met with Plaintiff on September 4, 2017, and January 20, 2018. Before service of the Complaint can be made on him or her, this individual must be identified with particularity. Where a complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the plaintiff should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez*, 577 F.3d at 832.

In this case, the Warden of Menard Correctional Center shall be added as a defendant, in his or official capacity only, for the sole purpose of identifying this defendant. The warden shall respond to informal or formal discovery aimed at identifying John Doe 54. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of this defendant is discovered, Plaintiff shall file a Motion for Substitution of Parties, in order to substitute the

newly identified defendant in place of the generic designation in the case caption and throughout the Complaint.

## **Pending Motion**

Plaintiff's Motion for Recruitment of Counsel (Doc. 4) shall be **REFERRED** to a United States Magistrate Judge for a decision.

## **Disposition**

The Clerk is directed to **ADD** the **WARDEN of MENARD CORRECTIONAL CENTER (in his or her official capacity only)** as a defendant in CM/ECF, and this defendant shall be responsible for responding to discovery aimed at identifying Defendant John Doe 54 with particularity.

**IT IS HEREBY ORDERED** that Plaintiff's Eighth Amendment claim in **COUNT 1** against Defendant **JOHN DOE 54** survives preliminary review. However, **COUNT 1** is **DISMISSED** without prejudice against Defendant **WEXFORD HEALTH SERVICES** because the Complaint fails to state a claim upon which relief may be granted against this defendant.

**IT IS ORDERED** that **COUNT 2** is **DISMISSED** without prejudice against Defendants **JOHN DOE 54** and **WEXFORD HEALTH SERVICES** for failure to state a claim.

**IT IS FURTHER ORDERED** that as to the medical negligence claim in **COUNT 2** against Defendants, Plaintiff shall file the required affidavits pursuant to 735 ILL. COMP. STAT. § 5/2-622, within 35 days of the date of this order (on or before **May 31, 2018**), if he seeks to reinstate this claim. Further, Plaintiff shall timely file the required written report(s) of a qualified health professional, in compliance with § 5/2-622. Should Plaintiff fail to timely file the required affidavits or reports, **COUNT 2** shall be dismissed with prejudice.

With respect to **COUNT 1**, the Clerk of Court shall prepare for Defendant **JOHN DOE 54**, once identified, and the **WARDEN OF MENARD CORRECTIONAL CENTER** (in his or her official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Memorandum and Severance Order (Doc. 1), a copy of the Complaint (Doc. 2), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that service shall not be made on Defendant **JOHN DOE 54** until such time as Plaintiff has identified this defendant by name in a properly filed Motion for Substitution of Parties.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

With respect to a defendant who cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a plan for discovery aimed at identifying the unknown defendant and a decision on the Motion for Recruitment of Counsel (Doc. 4).

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 26, 2018**

s/J. Phil Gilbert
**District Judge**
**United States District Court**